ORIGINAL

STEVEN KENT BLOOM, Reg. #0070714

**Name**   Rt. 3 BOX 311

EL DORADO, KS. 67042

**Address**

2002 JUL 25 A 11: 35

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN KENT BLOOM _____, Plaintiff<br>*(Full Name)* | CASE NO. _____<br><br>(To be supplied by the Clerk) |
| v.<br><br>MARY KOCH _____. Defendant (s)<br><br>_____ | CIVIL RIGHTS COMPLAINT<br>PURSUANT TO 42 U.S.C.<br>§1983 |

## A. JURISDICTION

1) STEVEN KENT BLOOM _____, is a citizen of EL DORADO, KANSAS
   *(Plaintiff)*                 *(State)*
   who presently resides at EL DORADO CORR. FACILITY

Rt. 3 BOX 311; El Dorado, Kansas 67042 _____.
*(Mailing address or place*
*of confinement)*

2) Defendant    MARY KOCH _____ is a citizen of
               *(Name of first defendant)*

UNKNOWN _____, and is employed as
*(City, State)*

FORENSIC SCIENTIST, KS. B.I., _____. At the time the claim(s)
*(Position and title, if any)*

alleged in this complaint arose, was this defendant acting under the color of

state law?    Yes [X]    No [ ]    If your answer is "Yes", briefly explain:

MARY KOCH was employed as a forensic scientist by the KS. B.I..

She had been asked to assist in a forensic investigation at the

scene of a death. Asked by the Topeka Police Dept..

3) Defendant ELLEN HAWKS, SGT. _____ is a citizen of
                    (Name of second defendant)
CITY UNK., STATE KS. _____ , and is employed as
              (city, state)
RECORDS CLERK AT THE SH. CO. DOC . At the time the claim(s)
        (Position and title, if any)
alleged in this complaint arose was this defendant acting under the color of state
law?      Yes ☒   No ☐ . If your answer is "Yes", briefly explain:
SGT. E. HAWKS DID,FROM HER JOB AT THE SH. CO. DOC,PRESENT

MALICIOUSLY FALSIFIED RECORDS REGARDING S.K. BLOOM TO THE

SSA, AND THE DEPT. OF V.A..
(Use the back of this page to furnish the above information for additional
defendants.)         *** page  2-A inserted  ***
                                               51343(3); 42

4)   Jurisdiction is invoked pursuant to 28 U.S.C. U.S.C. §1343(3); 42 U.S.C. §1983. (If
     you wish to assert jurisdiction under ~~different or~~ additional statutes, you may list
     them below.) :
              42 U.S.C. § 1985 (3)


Plaintiff also invokes the pendant jurisdiction of this Court.

4.a) Plaintiff request "JURY TRIAL", pursuant to: Fed.R.Civ.P.
                 **B. NATURE OF THE CASE**       Rule 38.


1)   *Briefly state the background of your case.*   STEVEN KENT BLOOM, (SKB), was
     selected to be the victim of maliciously prejudiced assaults by
     Officials of both the SH. CO., and Topeka, KS. "justice
     systems".   A Caucasian male who chooses to socialize with
     females of the African-American race, in the segregation Capitol.
         SKB was the victim of: 1) unlawful punishments, 2) feloni-
     ously miswritten court records, 3) denial of his justly
     deserved equal measure of police and juridical protection,
     4) planting of perjured evidences by the Topeka Police Dept.,
     5) creation of perjured evidences by the KS. B.I., 6) held in-
     communicado outside of the Court, while a plea he denied as his
     own was accepted by the Court, 7) his demand for the dismissal
     of private counsel ignored, 8) $46,000.00 was then spent to
     "PLEAD ONLY NOT GUILTY", 9) *evidences* in support of the plea he
     denied as his, was presented to the KS. S. Ct., hidden from
     view; 10) every measure of Constitutional protection subject to
     denial with prejudice.

                              -2-

2-A

## DEFENDANTS

KENDA FALLEY is a citizen of City UNK., KS..
She is employed as an Official Court Reporter by SH. CO., KS..
She acted under Color of State Law through out.

KEVIN MILLER is a citizen of City UNK., KS..
He is a SGT. in the Topeka Police Department.
He acted under Color of State Law through out.

The City of TOPEKA, KANSAS, as being responsible for the unlaw-
ful and negligently supervised conduct of SGT. KEVIN MILLER.

The County of SHAWNEE COUNTY, KANSAS as being responsible for
the unlawful and negligently supervised conduct of SGT. ELLEN
HAWKS and REPORTER KENDA FALLEY.

The KANSAS BUREAU OF INVESTIGATION, as being responsible for
the unlawful and negligently supervised conduct of MARRY KOCH.

KEVIN COOK, privately retained A-A-L, is a citizen of City UNK.,
KS..
He participated in the "CONSPIRACY TO DENY" to SKB his Funda-
mental Constitutional Right to present "A PLEA OF ONLY NOT
GUILTY" to the Court.

F.G. MANZANARES, privately retained A-A-L. is a citizen of City
UNK., KS..
He participated in the "CONSPIRACY TO DENY" to SKB his Funda-
Constitutional Right to present "A PLEA OF NOT GUILTY" to the
Court.

F.N.UNK. PETERSON, MD. DR. of psychiatry, is a citizen of City
UNK., State UNK..
He participated in the "CONSPIRACY TO DENY" to SKB his Funda-
mental Constitutional Right to present to the Court "A PLEA OF
ONLY NOT GUILTY".

# C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8h" x 11") to explain any allegation or to list additional supporting facts.)

A) (1) Count I: INFLICTION OF A PUNISHMENT NOT ORDERED BY ANY
JUDGE IN ANY COURT. THIS IS IN EFFECT, AN ASSAULT VIA THE

MISUSE OF STATE LAW BESTOWED AUTHORITY. THE DENIAL OF

PROPERTY WITHOUT DUE PROCESS OF LAW, and DENIAL OF SUBSTAN-
TIVE DUE PROCESS OF LAW.

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.) Plt.Apx.,p.1-4 show that: SGT E. HAWKS did falsely

report to the Dept. of V.A. and the SSA that SKB was convicted

of a felony, on the day of his arrest, OCT.15,1996. The SSA

accepted this nonsence, and denied SKB's disability compensation

for seven units of payment, for nearly 5 & 1/2 years. Until

SKB sued in this COURT. The felonious act of E. HAWKS had an

effect until MAR.2002, when SKB recovered lost monies. HAWKS

withdrew her contention before the V.A., AUG.29,97. **THEN**

continued to make such false claim to the SSA in MAR.1998.

In C.A. # 02-3058-GTV, SKB sues four individuals for

conspiring to CONCEAL the felonious misconduct of E. HAWKS.

HAWKS acts were in effect until MAR.2002.

B)(1) Count II: _____

MARRY KOCH, of the KS. B.I. did DENY TO SKB THE RIGHT

TO BOTH SUBSTANTIVE AND PROCEDURAL DUE PROCESS OF LAW WHEN

SHE CREATED A FELONIOUS SCIENTIFIC REPORT.

(2) Supporting Facts: Plt.Apx.,p.34 is the diagram presented to
the jury, during trial. It shows the N-S running middle wall
stopping short of the refrigerator. This was prepared by M.
KOCH. Plt.Apx.,p.10; The Court accepts a photo showing that
this same wall goes past the frig. 6-8 inches. This corner is
where SKB props his shot gun, when alone. KOCH knew of SKB's
saying so, and proceded to destroy the true facts describing
this tragic accidental death of DEANNA F. PORTER. Proof of this
perjury was rejected at sentencing, JULY 28, 2002, Plt. Apx., p. 10.

C) (1) Count III:  Through the "CREATION OF PERJURED EVIDENCES", and
the "PRESENTATION OF THE SAME AT JURY TRIAL", SGT. KEVIN MILLER
did "DENY TO SKB" his right to both procedural and substantive
due process of law.

(2)   Supporting Facts: Plt.Apx.,p.20; S. DICKY the first officer
at SKB's home, he writes that the chair is in front of the
impact pattern on the north wall. Plt.Apx.,p.21; is a photo-
graph by SGT. K. MILLER, the chair has been moved toward the
east.  Prosecution makes much of the position of the chair at
trial, tacitly claiming SKB has made up a story. Plt.Apx.,
p.22 is the work of M. KOCH, it shows the chair to the east.
Plt.Apx.,p.73,74; Topeka Police Officer D. YANCY puts the shot-
gun shell near the gun.  SGT. K. MILLER moves the shell, Apx.p.34.

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court ~~dealing with the same facts involved in this action~~ or otherwise relating to the conditions of your imprisonment?
Yes ☒ No ☐ . If your answer is "Yes", describe each lawsuit.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)   *** Page 5-A inserted ***

a) Parties to previous lawsuit:

Plaintiffs:  STEVEN KENT BLOOM

Defendants:  K. RUHNKEE,   KS. D.O.C.

b) Name of court and docket number   U.S. DISTRICT COURT FOR THE
DISTRICT OF KANSAS;   C.A. 01-3450-GTV

c) Disposition (for example:  Was the case dismissed?  Was it appealed?  Is it still pending?)  REMANDED IN PART BY THE 10th. CIRCUIT CT. OF
APPEALS BACK TO THE DISTRICT COURT OF KANSAS

d) Issues raised  FALSE  AND CAPRICIOUS USE OF THE $30 SEND-OUT
MONIES LIMIT TO INTERFERE WITH AND STOP LEGAL MAILINGS

-4-

## CAUSE OF ACTIONS

**D) (1) Count IV:** Through the preparation of perjured sections of the "TRANSCRIPTS OF JURY TRIAL", KENDA FALLEY did "DENY TO SKB" his right to both substantive and procedural due process of law.

**(2) Supporting Facts:** Plt.Apx.,p.46 is testimony as written by KENDA FALLEY, on ln.9 SGT. KEVIN MILLER (who moved the chair and the shell) is noted as testifying about a purse in Deanna F. Porter's hand. **NO SUCH TESTIMONY WAS PRESENTED AT TRIAL.** The word purse was not spoken at trial. From TRANSCRIPT OF JURY TRIAL VOLUME III", p.70, not in the Plt.Apx., SKB is written to have said, "-- metal sign ... and that metal sign you will see on the picture of the evidence says keep out." SKB did not say that the jury would see the "KEEP OUT" sign. Defense Counsel W. RORK did not bring it to the attention of the jury. This portion of the TRANS. is a perjurious representation of the Defendant's testimony.

**E) (1) Count V:** Privately retained counsel F.G. MANZANARES and his assistant KEVIN COOK did falsely misrepresent their client SKB before the Shawnee CO., KS. Court. Thereby assisting and furthering the conspiracy to deny to SKB his right to justice. They did refuse to put SKB's plea on "ONLY NOT GUILTY" before the Court. SKB is a disabled Vietnam veteran who draws a justly deserved compensation pension. The State of Kansas did try to commit SKB to the State Hospital where SKB was to be a "CASH CROP" to the State. Deprived of all of his

## CAUSE OF ACTIONS

legal rights, after the falsified plea of his counsel.
MANZANARES AND COOK did further this conspiracy depriving
SKB of the "MOST FUNDAMENTAL ELEMENT OF AMERICAN JUSTICE".
This was a deprivation of SKB's right to both substantive
and procedural due process of law.

(2) **Supportng Facts:** SKB pays MANZANARES $10,000.00 as a
retainer. Plt.Apx.p.56  SKB files "MOTION TO DENY DEFENSE
COUNSELOR'S MISREPRESENTATION", DEC 16, 1999. Plt.Apx.,p.
39-44 and Plt.Apx.,p.46  12/21/99 the Court schedules a M.H.
01/28/00. Plt.Apx.,p.46  NO M.H. is held. 02/11/00 COOK
testifies falsely before the Court that SKB wants to withdraw
his DENIAL.  02/24/00  Public Notice has a M.H. scheduled for
after lunch, SKB's family is prepared to be present.  SKB is
brought to the Courthouse in the morning, a M.H. is held at
9:30 A.M. before Jd. Conklin.  SKB's private comments to his
counselor are ignored.  SKB sits quietly through the hearing.
He will retain a counsel who will chalenge this "FRAMING OF
MURDER".  SKB pays W. RORK $46,000.00 to put a plea of "ONLY
NOT GUILTY" before the Court. Plt.Apx.,p.59,60.  This was after
SKB filed "NOTICE DEMANDING DISMISSAL OF PAID PRIVATE
COUNSEL", MAR 24, 2000.  The Court continued to accept work by
COOK and MANZANARES, after SKB denied it as his legal posture.

**F) (1) Count VI:**  Written statements in support of the false
representation of SKB's plea are presented to the Court.  This
is the presentation  to the Court of evidences supporting a false
claim that SKB has plead guilty to Premeditated First Degree
Murder.  There can be no gossip more filthy than this.

### CAUSE OF ACTION

with these writings Dr. PETERSON, of the Menninger Clinic, **"STEALS FROM SKB WHAT THIS COUNTRY ASKED SKB TO DEFEND WITH HIS LIFE"**. Dr. PETERSON den(y)ing to SKB his right to present a plea of "ONLY NOT GUILTY". This is the denial to SKB of his right to both sukbstantive and procedural due process of law. Shawnee CO. and PETERSON did act in conspiracy to do this.

**(2) Supporting Facts:** 3/9/00 and 4/14/00 Dr. PETERSON mails personal mail to Jd. THEIS. Plt.Apx.,p.49. This personal mail is sent to the Supreme Court of KS. in the summer of 2001, in support of the Prosecutors Reply Brief. Plt.Apx.,p.66. There had become a corrosive relationship between SKB and PETERSON after SKB briefly revealed his political opinion of the abuse of Vietnam patriots by the Federal Government. PETERSON's personal mail had an injurious unlawful effect summer of 2001.

**(G) (1) Count VII:** The City of TOPEKA, KS. did deny to SKB his right to an equal measure of protection, as a victim of crimes and violent crimes. AND did deny to SKB his right to both substantive and procedural due process of law.

**(2) Supporting Facts:** Plt.Apx.,p.8-19 are Topeka Police reports which show SKB the victim of THEFTS, AUTO THEFT, **VICIOUS TERRORISTIC THREATS,** and property damage. The SH. CO. 'justice system'finds this acceptable, for a Caucasian male who socializes with females of the African-American race. SGT K. MILLER prepares and presents perjured evidences to the jury. Plt.Apx.,p.21, and (C) (2) above.

**(H) (1) Count VIII:** The County of SHAWNEE CO., KS. did deny, with animus prejudice, to SKB his right to both substantive and procedural due process of law, the equal protection of the law, and did so in conspiracy with K. COOK, F.G. MANZANARES, and Dr. PETERSON. SH. CO. did use **"MALICIOUS ABUSE OF PROCESS".**

**(2) Supporting Facts:** SGT E. HAWKS inflicts an unlawful punishment on SKB. Plt.Apx.,p.1-4. SH. CO. Prosecutor finds it acceptable that SKB be the victim of violent crimes,

## CAUSE OF ACTIONS

commited by African-American females. Plt.Apx.,p.51 & 8-9.
Shawnee CO. holds SKB in a holding-cell and does not bring him
before the Court while K. COOK presents a falsification of
SKB's plea to the Court. Plt.Apx.,p.47. SKB pays W. RORK
$46,000.00 to gain access and present a plea of "ONLY NOT
GUILTY" to the Court. Plt.Apx.,p.59-60. From the Topeka
Capitol-Journal 9-8-2000, p.6-A Men accused of date drugging
during a date are arrested. This same crime, commited by a
woman against SKB was acceptable to the SH. CO. Prosecutor.
Plt.Apx.,p.51 and p.9. From the Same newspaper, July 15,2000,
Topeka Police Chief Dean Foster says, " ... going after
property crimes ... addressing it very seriously." NOT when
the victim is SKB.! Plt.Apx.,p.8-19.

(I) (1) Count IX: The KANSAS BUREAU OF INVESTIGATION did deny
to SKB both the substantive and procedural due process of law
to SKB when M. KOCH prepared a feloniously perjured scientific
report of the physical evidences surrounding a death scene.

(2) Supporting Facts: The photograph presented to and accepted
by the Court at sentencing shows that the works of M. KOCH are
a felonious representataion of the facts. Plt.Apx.,p.10 v.
Plt.Apx.,p.34. The KS. B.I. is responsible for this unlawful
act by KOCH, as it was found to be acceptable to her supervisor
M. Van Stratton, during trial.

e) Approximate date of filing lawsuit   NOV. 20, 2001

f) Approximate date of disposition   REMANDED IN PART JULY 10, 2002

2) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C. Yes ☐ No ☒. If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought.

    All of the issues raised in this Federal C.A. are Federal Constitutional issues. The causes of action were acceptable to the Officials of the KS. Justice System. This C.A. is a defense against the fundamentally unlawful conduct of Officials of the Shawnee CO., KS. 'justice system'. Plaintiff will illuminate the "CUSTOM" of said Officials as being willfully maliciously prejudiced against a Caucasian who socializes with Females of the African-American race. Proof of perjury was rejected at sentencing. Perhaps this was formal request for relief. JULY 28, 2000.     **E. REQUEST FOR RELIEF**

1) I believe that I am entitled to the following relief:

    Plaintiff pleads that this COURT direct its attention to the attached "MOTION FOR MONETARY COMPENSATION".

_____
Signature of Attorney (if any)

_____

_____
(Attorney's full address and telephone number)

_____
Signature of Petitioner
STEVEN KENT BLOOM,
   Reg. #0070714
Rt. 3 BOX 311
El Dorado, KS. 67042

-5-

## THIS CIVIL ACTION RELATES TO MY IMPRISONMENT

Plaintiff:        STEVEN KENT BLOOM

Defendants:       CHARLES ANDREWS, Jr., et al

Filed in the U.S. District Ct., for the District of Kansas

C.A. File No.  02-3043-GTV

Case is still pending.

Issues raised:  "CRUEL AND UNUSUAL PUNISHMENT", DENIAL OF

                 SUBSTANTIVE DUE PROCESS OF LAW, and

                 MALICIOUSLY PERJURED COURT AND STATE RECORDS

Complaint filed:  MAY 17, 2002

There has been no disposition in this case.

## CIVIL ACTIONS NOT RELATING TO MY IMPRISONMENT

Plaintiff:        STEVEN KENT BLOOM

Defendant:        Social Security Administration

Filed in the U.S. District Ct. for the District of Kansas

File No. 01-3382-GTV

Relating to: FOIA violation by the SSA

Filed: SEP. 18, 2001

No final disposition.

Plaintiff:        STEVEN KENT BLOOM

Defendants        FRANK D. DIEHL, et al

Filed in the U.S. District CT. for the District of Kansas

File No.  02-3058-GTV ;  Filed APR. 29, 2002

Relating to:  "CONCEALMENT OF UNLAWFUL PUNISHMENT"

No final disposition.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares (or certifies, verifies, or states) under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. § 1746. 18 U.S.C. § 1621.

Executed at ___EL DORADO CORR. FACILITY___ on __JULY 20,_____ , 20 _02_ .
                          *(Location)*                              *(Date)*

Rt. 3 BOX 311
EL DORADO, KANSAS 67042

_____
                    *(Signature)*

STEVEN KENT BLOOM, Reg. #0070714
the pro se Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

STEVEN KENT BLOOM,

                                    Plaintiff,

                v.

MARY KOCH, in her Individual
Capacity; and in her Official Capacity, as
Forensic Scientist, of the KS. B.I.,

ELLEN HAWKS, in her Individual
Capacity; and in her Official Capacity, as
SGT., of the Shawnee CO., KS. D.O.C.,

KENDA FALLEY, in her Individual
Capacity; and in her Official Capacity, as
Court Reporter, of the 3rd. Judicial
District Court, of the State of Kansas,

KEVIN MILLER, in his Individual
Capacity; and in his Official Capacity, as
SGT., of the Topeka, KS. Police Dept.,

The City of
TOPEKA, KANSAS,

The County of
SHAWNEE COUNTY, KANSAS,

The KANSAS BUREAU OF INVESTIGATION,

F.G. MANZANARES, in his Individual
Capacity; and in his Official Capacity, as
privately retained Legal Counsel,

KEVIN COOK, in his Individual
Capacity; and in his Official Capacity, as
privately retained Legal Counsel,

F.N.UNK. PETERSON, in his Individual
Capacity; and in his Official Capacity, as
privately retained Psychiatrist,

                                    Defendants.

Civil

Action,

File No.

_____


## MOTION FOR MONETARY COMPENSATION

with attached

## MEMORANDUM SUPPORTING

## MEMORANDUM SUPPORTING MOTION FOR COMPENSATION

The Plaintiff is a disabled Vietnam Combat wounded Special Forces soldier. The State of Kansas and Shawnee CO., KS. did use malicious prejudice with animus to injure the Plaintff. The SH. CO. Prosecutor holds Mental Health Records regarding SKB where SKB says he would join a revolution in America. These records are from when SKB was declared excessively disabled and refused employment. Then declared not disabled, and refused a pension. All by Federal Government Agencies. These M.H. records came from the V.A. Hospital in Spokane, WA., from an "OUT-REACH GROUP COUNSELING" session. Where it was encouraged to get rid of anzieties and frustrations acceptably. These very private M.H. records were said to be in confidence. Never to be public. The State of Kansas through the Attorney General , C. Stovall, has testified to the Supreme Court of America that the State does not use Mental Health records in criminal cases. Neverthe less, SH. CO. holds these records, with Discovery Sequence No.s on them. F.G. MANZANARES and/or DR. PETERSON provided these records to SH. CO.. This is in complete violation of every element of justice.

The State of KS. did try to put SKB in the State Hospital, where the State could send the Dept. of V.A. a bill of what? three to five thousand dollars per month for SKB's 'treatment'. SKB was framed of murder so that the State could make a "CASH CROP" of him.

MEMORANDUM SUPPORTING ...

SKB spent $46,000.00 just to be able to put a plea of "ONLY NOT GUILTY" before the Court. He was sentenced to "HARD 10" to life in prison. He will prove that this is wrong, eventually.

The State wanted SKB for at least 25 years in the Hospital. The State and Manzanares owe SKB for those 15 years difference they tried to steal from SKB. Is KS. so poor that it will drink the blood of its few true patriots.? The men who did not hide from the draft, during the many years of the Vietnam tragedy.

## MOTION FOR MONETARY COMPENSATION

COMES NOW the pro se Plaintiff, and moves this COURT
for the following reliefs:

A. Compensation damages for the loss of use of $5,836.80
for 5 & 1/2 years. This loss resulted from the felonious
writings of SGT ELLEN HAWKS. Interest on these monies being
nearly $1,250.00. To be paid by SGT ELLEN HAWKS.

B. Punitive damages against SHAWNEE CO., KS. and SGT. E.
HAWKS of $25,000.00, payable in equal parts by each.

C. Compensatory damages of $59,000.00 to be paid in equal
parts by F.G. MANZANARES and SHAWNEE CO.,KS. for refusing to
change the falsely presented plea, not representative of SKB's
intentions.

D. Punitive damages in the amount of $2,980.00 per month
for  fifteen years. Twenty five % payable by K. COOK, F.G.
MANZANARES, and DR. PETERSON;  seventy five % payable by
The City of TOPEKA, KS., the County of SHAWNEE CO., KS., and
the KANSAS BUREAU OF INVESTIGATION.

Since SKB does not challenge the Constitutionality of his
conviction with this Civil Action; he can not request relief
from MARY KOCH, KENDA FALLEY, and KEVIN MILLER.

Respectfully requested;

July 20, 2002

STEVEN KENT BLOOM, Reg. #0070714
the pro se Plaintiff
C/o E.D.C.F., C2-227
Rt. 3 Box 311
El Dorado, Kansas 67042