FILED
United States Court of Appeals
Tenth Circuit

JUL 3 2003

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

STEVEN KENT BLOOM,

Plaintiff-Appellant,

v.

SOCIAL SECURITY
ADMINISTRATION,

Defendant-Appellee.

No. 02-3362
(D.C. No. 01-CV-3382-GTV)
(D. Kan.)

---

STEVEN KENT BLOOM,

Plaintiff-Appellant,

v.

MARY KOCH, Forensic Scientist,
KS B.I.; ELLEN HAWKS, Sgt.,
Records Clerk at Shawnee County
DOC; KENDA FALLEY, Court
Reporter, Shawnee County; KEVIN
MILLER, Sgt., Topeka Police
Department; CITY OF TOPEKA,
KANSAS; SHAWNEE COUNTY,
KANSAS; KANSAS BUREAU OF
INVESTIGATION; KEVIN COOK;
F.G. MANZANARES;
DR. F.N. PETERSON, MD, Doctor of
Psychiatry,

Defendants-Appellees.



FILED
JUL 28 2003
RALPH L. DeLOACH, Clerk
By_____ Deputy

No. 02-3431
(D.C. No. 02-CV-3224-GTV)
(D. Kan.)

A true copy
Teste
Patrick Fisher
Clerk, U. S. Court of
Appeals, Tenth Circuit
By_____

| STEVEN KENT BLOOM, | |
|---|---|
| Plaintiff-Appellant, | |
| v. | No. 02-3439 |
| DISCIPLINARY ADMINISTRATOR, of the State of Kansas; STATE OF KANSAS; FRANK D. DIEHL, Deputy Disciplinary Administrator; PAMELA J. MCKIMENS, Assistant Regional Counsel; PAULA WERTS, Service Representative; SOCIAL SECURITY ADMINISTRATION; ROBIN B. MOORE, Assistant United States Attorney, | (D.C. No. 02-CV-3058-GTV) (D. Kan.) |
| Defendants-Appellees. | |

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

With some variation, these appeals stem from the suspension by the Department of Social Security Administration (SSA) of plaintiff Steven Kent Bloom's Title II benefits based on an erroneous report that Mr. Bloom had been convicted of a felony. We will address each appeal separately, noting the relevant facts.

## Case No. 02-3362

Mr. Bloom, a prisoner in the custody of the State of Kansas, filed a pro se complaint under the Freedom of Information Act (FOIA), and the Privacy Act, 5 U.S.C. §§ 552 and 552a, attempting to procure information relating to the temporary discontinuance of his Title II benefits. The SSA moved to dismiss, arguing that the case was moot because SSA had already turned over all requested documents to Mr. Bloom. The district court agreed and dismissed the case as moot. The court further denied Mr. Bloom's motion for sanctions against opposing counsel and his motion for attorney fees and costs.[1]

---

[1] In granting SSA's motion to dismiss the case as moot, the district court noted that the documents released by SSA appeared to support Mr. Bloom's contention that erroneous information had indeed been submitted to the agency. While Mr. Bloom had been charged with felony counts, he had entered guilty pleas to two misdemeanor battery counts. The SSA acknowledged the error and
(continued...)

On appeal, Mr. Bloom argues that the district court misconstrued the evidence, erred in dismissing the case as moot and in denying the motion for fees and costs, and abused its discretion in denying his motions for sanctions and discovery. Mr. Bloom further claims that the court attempted to "buy off" his complaint and displayed bias against him through its "order." He also charges that the Kansas Department of Corrections has violated his right to free speech.

We review a dismissal under Fed. Civ. P. Rule 12(b)(1) for lack of subject matter jurisdiction de novo. *U.S. West, Inc. v. Tristani*, 182 F.3d 1202, 1206 (10th Cir. 1999). After reviewing the record, the parties' submissions and the relevant law, we affirm for substantially the reasons stated by the district court. After SSA released the documents to Mr. Bloom, there existed no "case or controversy" sufficient to confer subject matter jurisdiction on the federal court. *See Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983).

As for the matters committed to the discretion of the district court, we find no abuse of that discretion. There are no grounds upon which Mr. Bloom could be awarded fees and costs. There is nothing in the record to suggest bias on the part of the district court, and we specifically note that handing down an adverse judgment does not demonstrate bias against the losing party. *Willner v. Univ. of*

---

[1](...continued)
remitted the underpayment to Mr. Bloom.

*Kan.*, 848 F.2d 1023, 1028 (10th Cir. 1988). Mr. Bloom's claim that the district court attempted to "buy off" his complaint is totally unsubstantiated and conclusory. Claims against the Kansas Department of Corrections are not within the ambit of this lawsuit because Mr. Bloom's complaint names only the SSA as a defendant.

Case No. 02-3431

In this case, Mr. Bloom filed a complaint pursuant to 42 U.S.C. §§ 1983 and 1985(3) against various state and county officials alleging constitutional infirmities and conspiracy in connection with his criminal conviction and resulting sentence in a Kansas state court. Mr. Bloom also reiterated his claim regarding the improper suspension of his Social Security benefits, the subject of his complaint in case No. 02-3362, discussed above.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983 (footnote omitted).

Other than his complaint about his Social Security benefits, all of Mr. Bloom's allegations identify "harms caused by actions whose unlawfulness would render his conviction and sentence invalid." The district court properly dismissed these claims without prejudice.[2]

As for the claim relating to the wrongly withheld Social Security benefits, the district court correctly concluded that the claim did not rise to constitutional significance. Other than Mr. Bloom's unsupported and conclusory allegation that the county clerk "maliciously" falsified records regarding him, the complaint reveals nothing more than negligence and, as such, is insufficient to implicate constitutional protections. *See Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).

Mr. Bloom alleges that the clerk admitted her mistake to the Veterans' Administration but continued to maintain that he was a felon to the SSA. Even if

---

[2] In his opening brief, Mr. Bloom argues that the substance of his complaint concerns the alleged conspiracy to prevent him from pleading not guilty to the state charges. Apparently the actors in this alleged conspiracy are two attorneys retained by Mr. Bloom and a psychiatrist who examined him. As the district court correctly observed, defense attorneys serve the interests of their clients and do not act "under color of state law" for purposes of stating a cause of action under § 1983. *See* R. Vol. I tab 8 at 2.

As for the examining psychiatrist, the doctor apparently offered his opinion regarding Mr. Bloom's mental state and that information was eventually forwarded to the Kansas Supreme Court. Again, the district court correctly advised Mr. Bloom that witnesses such as this doctor are absolutely immune for liability in damages for such testimony. *See Briscoe v. LaHue*, 460 U.S. 325, 329-30 (1983).

this claim was sufficient to meet the *Daniels* standard, the district court further correctly observed that the claim was not brought within the requisite two-year statute of limitations. *See Hamilton v. City of Overland Park*, 730 F.2d 613, 614 (10th Cir. 1984). Contrary to Mr. Bloom's contention, there was nothing to toll the statute of limitations on this claim.

Case No. 02-3439

In this matter, Mr. Bloom filed a § 1983 claim against the State of Kansas, the Office of the Disciplinary Administrator, and the Deputy Disciplinary Administrator for their alleged denial of his right to equal protection stemming from their refusal to discipline an Assistant United States Attorney (AUSA). Mr. Bloom alleged that the AUSA filed false pleadings in his FOIA case against the SSA, discussed above as case No. 02-3362. In an amended complaint, Mr. Bloom added two SSA employees and the AUSA as defendants and alleged a broad conspiracy to deny him his Social Security benefits.

The district court dismissed the § 1983 complaint against the disciplinary board officials and the State for lack of standing, citing *Doyle v. Okla. Bar Ass'n*, 998 F.2d 1559, 1566 (10th Cir. 1993). The court further termed the conspiracy claims conclusory, frivolous, and malicious and dismissed them pursuant to 28 U.S.C. § 1915A(a) and (b).

We review a dismissal for lack of standing de novo. *Higganbotham v. Okla. ex rel. Okla. Transp. Comm'n*, 328 F.3d 638, 641 (10th Cir. 2003). We have "not yet determined whether a dismissal pursuant to § 1915A on the ground that the complaint is legally frivolous is reviewed *de novo* or for abuse of discretion." *Plunk v. Givens*, 234 F.3d 1128, 1130 (10th Cir. 2000). As in *Plunk*, however, we "need not resolve that question at this juncture" based on our review of the entire record in this case, which reveals no reversible error under either standard. *See id.* We therefore affirm for substantially the reasons stated by the district court.

The judgments are AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge